### TOM H. HAMILTON V. RICHARD I. MUNROE.

Application No. 14959.   Decided October 31, 1926.
(287 S. W., 306).

#### District Judge—Primary Election—Contest—Appeal—Jurisdiction.

The District Judge is a district and not a State officer within the meaning of Arts. 3152, 3153, Rev. Stats., 1925. By these the ruling of the District Court on a contested primary election for candidacy for that office is final. The Court of Civil Appeals having no jurisdiction over an appeal therefrom, the Supreme Court has none to grant writ of error on its dismissal thereof. (P. 154).

Hamilton applied to the Supreme Court for writ of error to the Court of Civil Appeals for the Tenth District which had dismissed for want of jurisdiction his attempted appeal from an adverse judgment of the District Court of McLennan County in his contest with Munroe over the result of a primary election of candidate for District Judge. The application is here dismissed for want of jurisdiction with an opinion *per curiam.*

*W. L. Eason, Nat Harris,* and *J. A. Kibler,* for applicant.

State officers are those whose duties concern the State-at-large, or the general public, though exercised within defined limits, and to whom are delegated the exercise of a portion of the sovereign power of the State. McCullough v. Scott, 109 S. E., 789; In re: Opinion of the Justices, 46 N. E., 118; State v. Jorgenson, 142 N. W., 450; In re: Police Commissioners, 49 Atl., 36; State v. Romero, 17 N. M., 88, 125 Pac., 617; State v. Twitchell, 4 Wash., 715, 31 Pac., 19; State v. Shagren, 157 Pac., 31.

The district court being vested by the Constitution with

general jurisdiction, the judge thereof being paid by the State and exercising a part of the sovereign power of the State for the general public, is a State officer within the meaning of Art. 3153, Rev. Civ. Stats., 1925.   Arts. 184, 185, Penal Code, 1925; State v. Twitchell, 4 Wash., 715, 31 Pac., 19; Colbert v. Bond, and Glisson v. Calloway, 75 S. W., 1061; State v. Romero, 17 N. M., 88, 125 Pac., 617; Griffin v. Rhoton, 85 Ark., 89, 107 S. W., 380.

PER CURIAM:   The opinion of the Court of Civil Appeals in this case, holding that the office of district judge is a district office within the meaning of the primary election laws of the State, which make the judgment of the District Court final in a contest of the election for the nomination for the office of district judge, is conclusive of the question and meets with our approval.   It follows that the Court of Civil Appeals had no jurisdiction of the appeal of the plaintiff in error and properly dismissed the appeal.   Since the Court of Civil Appeals had no jurisdiction, we have none and the application for writ of error is accordingly dismissed for want of jurisdiction.